**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27330-BLOOM**

FELIX ALBERTO CONDADO DIAZ,

Petitioner,

v.

GARRETT J. RIPA, *et al.*,

Respondents.
_______________________________________/

**ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT**

**THIS CAUSE** is before the Court upon Petitioner Felix Alberto Condado Diaz's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1] ("Petition"). Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida and seeks release from custody under reasonable conditions of supervision or an individualized bond hearing before an Immigration Judge. *See generally id.* Respondents filed a Response, ECF No. [6], to which Petitioner filed a Reply, ECF No. [7]. In the Reply, Petitioner states that an Immigration Judge conducted a custody redetermination hearing on October 26, 2026, and granted Petitioner release on bond. ECF No. [7] ¶ 4. Petitioner has since posted the bond and has been released from custody. *Id.* ¶ 5. Due to his release from custody, Petitioner requests that the Court dismiss the Petition as moot. *Id.* ¶ 6. For the following reasons, the Petition must be dismissed as moot.

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an

action that is moot cannot be characterized as an active case or controversy." *Id*. at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an immigrant detainee files a § 2241 petition requesting release, the case becomes moot and the court loses jurisdiction once the immigrant is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

Here, Petitioner's release from custody has rendered his Petition moot. Petitioner sought release from custody, ECF No. [1] at 25-26, which has now occurred, ECF No. [7] at 1. Because Respondents cannot grant such relief post-release, no case or controversy exists. *See Djadju*, 32 F.4th at 1107 ("Since Djadju already has been released from custody, his prayer for relief has been satisfied."); *Soliman*, 296 F.3d at 1243 ("Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" (citing *Spencer v. Kemna*, 523 U.S. 1, 18 (1998))).

Furthermore, no exception to the mootness doctrine is implicated because there is no indication Petitioner will be returned to Immigration and Customs Enforcement custody in the near future. *See Djadju*, 32 F.4th at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit."); *Al Najjar*, 273 F.3d at 1336 ("The

remote possibility that an event might recur is not enough to overcome mootness . . . ."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("[D]ismissal is required because mootness is jurisdictional.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED AS MOOT**.
2. The Clerk of Court shall **CLOSE** this case.
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 16, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record